UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:20-cv-09428-FMO-AFM                                              Date:  August 13, 2021

Title   Landry Daniels aka Laundry Daniels v. J. Makarade et al

Present: The Honorable:   ALEXANDER F. MacKINNON, U.S. Magistrate Judge

| Ilene Bernal | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings (In Chambers):  Order to Show Cause**

On October 14, 2020, plaintiff, a state prisoner presently incarcerated at the Substance Abuse Treatment Facility and State Prison, Corcoran, California, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983.  (ECF No. 1.)  Plaintiff also filed a Request to Proceed Without Prepayment of Filing Fees, which subsequently was granted.  The claims arise from incidents that occurred on December 1, 2018 (ECF No. 1 at 3), while plaintiff was held at the California State Prison in Lancaster, California ("CSP-LAC") (*id.* at 2).  Plaintiff seeks damages and a "declaratory judgment."  (*Id.* at 12-13.)  In the Complaint, plaintiff names as defendants Warden Asuncion and Correctional Officers Makarade, Serrano, Sanchez, and Colin.  The defendants are named in their official as well as individual capacities.  (*Id.* at 3-4, 10-11.)

On October 19, 2020, the Court advised plaintiff that pursuant to 28 U.S.C. § 1915(e)(2), the Complaint was being screened, and plaintiff could not proceed with service of process on defendants.  Plaintiff was also advised of his obligation to notify the Court immediately of any change of address and that failure by plaintiff to inform the Court of his current address may result in the action being dismissed for failure to prosecute.

On November 16, 2020, after careful review of the Complaint, the Court found that the Complaint failed to comply with Rule 8 because it failed to state a short and plain statement of each claim that is sufficient to give any defendant fair notice of what plaintiff's claims are and the grounds upon which they rest.  In addition, the allegations in the Complaint appeared insufficient to state a federal civil rights claim upon which relief may be granted against any defendant.

Plaintiff was ordered to file a First Amended Complaint ("FAC") no later than December 18, 2020 and was admonished that, if he failed to timely file a FAC, or failed to remedy the deficiencies of his pleading, the Court would recommend that this action be dismissed without leave to amend and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:20-cv-09428-FMO-AFM                                              Date:   August 13, 2021

Title   Landry Daniels aka Laundry Daniels v. J. Makarade et al

with prejudice.  (ECF No. 9.)

     Plaintiff has filed six requests for an extension of time claiming that prison lockdowns from the COVID-19 pandemic, administrative segregation, medical issues, loss of legal documents and supplies, slow mail delivery and stimulus money, transfer to another prison, and lack of access to the law library, have prevented him from filing a FAC.  (ECF Nos. 10, 12, 14, 16, 18, 22.)  The Court granted five extensions.  In the Court's July 13, 2021 order granting the fifth extension of time (ECF No. 21), plaintiff was advised that he had been afforded over 180 days in which to file a FAC and that he has one last opportunity to file a FAC no later than August 9, 2021. He was further advised that failure to file a FAC by August 9, 2021 will result in the recommendation that this case be dismissed for failure to comply with Court orders and failure to prosecute.

     By August 11, 2021, plaintiff had failed to file a FAC, but instead made a sixth request for an extension of time (ECF No. 22).

     Plaintiff's requests for extensions show that he is able to send and receive mail.  Although plaintiff refers to lack of access to the law library, he does not need that to prepare the FAC, particularly given the details provided to him in the Order Dismissing with Leave to Amend (ECF No. 9.)  Similarly, plaintiff claims that he has not been able to communicate with law firms, but he is proceeding pro se in this case and has not shown how communications with others are relevant to his ability prepare the FAC.

     **Accordingly, IT IS ORDERED that no later than <u>September 14, 2021</u>, plaintiff shall show cause in writing why this action should not be dismissed for failure to prosecute and failure to comply with Court orders.  The filing of the FAC by September 14, 2021 will be deemed a sufficient response to the order to show cause. Failure to timely respond to this order will result in a recommendation that this action be dismissed for failure to prosecute, for failure to comply with Court orders and for the reasons stated in the Order Dismissing with Leave to Amend.**

     IT IS SO ORDERED.

|  | : |
|---|---|
| **Initials of Preparer** | ib |